**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSHUA BUSS,<br><br>                Plaintiff,<br><br>     v.<br><br>FEDERAL BUREAU OF PRISONS, et al.,<br><br>                Defendants. | Civil Action No. 21-7590 (KMW) (SAK)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint (ECF No. 1), and Plaintiff's motion seeking default judgment (ECF No. 5). As Plaintiff was previously granted *in forma pauperis* status in this matter (ECF No. 2), this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed in its entirety, and Plaintiff's motion shall be denied.

**I.    BACKGROUND**

Following his conviction for charges related to child pornography, Plaintiff was incarcerated at FCI Allenwood in Pennsylvania. (ECF No. 1 at 6.) While so placed, Plaintiff attended a meeting with Defendant Cramer, his team manager, who during the meeting informed Plaintiff that he would be denied access to prison email systems due to the nature of his crimes and allegations from Cramer that Plaintiff had used the internet to entice minors, a claim which

was apparently untrue. (*Id.*) Cramer also insulted Plaintiff based on his weight and criminal offenses, and made a disparaging remark about Plaintiff's religious status as a Messianic[1] Jew. (*Id.*) Believing that he was improperly denied email access, Plaintiff filed a grievance form, in the process being told by Defendant Brown that he would not win as sex offenders "have no say in" FCI Allenwood. (*Id.* at 7.) When this request was denied, he filed a number of appeals with Allenwood and central BOP staff, including Defendants Warden Lane, Regional Director Carvajal, and General counsel Ian Connors, each of which was denied on or before May 11, 2017. (*Id.* at 7-11.)

Following an assault he suffered at the hands of other inmates in January 2018, Plaintiff was moved to FCI Fort Dix. (*Id.* at 11.) Plaintiff once again was denied email access, and filed appeals with Defendants Warden Ortiz and Regional Director Paul, both of whom denied his requests not based on the false allegations of enticing minors, but based on Plaintiff having sought and distributed child pornography and made use of the dark web and various forms of software to hinder law enforcement in tracking his illegal activity. (*See* ECF No. 1-2 at 9, 14.) He appealed to the General Counsel's office again, and Defendant Connors again denied his appeal. (*Id.* at 16.)

## II.   LEGAL STANDARD

Because Plaintiff has been granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil

---

[1] Plaintiff refers to himself as a "Mesionic" Jew. (ECF No. 1 at 6.) This Court believes this to be an attempted phonetic spelling of Messianic.

2

Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. DISCUSSION

In this matter, Plaintiff seeks to raise First Amendment claims related to his denial of internet access, which he contends prevents him from contacting family and friends, for violations of equal protection based on a class of one theory, and for alleged discrimination based on his weight, status as a sex offender, and religion he suffered in 2016 at the hands of employees of FCI Allenwood. Before the Court turns to Plaintiff's individual claims, the Court notes that Plaintiff has named the Bureau of Prisons as a Defendant. As a government agency, however, the BOP is not a proper defendant in a civil rights suit and is in any event immune from suit as it has not explicitly waived its entitlement to sovereign immunity. *See, e.g., South v. Federal Bureau of Prisons*, No. 20-9045, 2020 WL 4530050, at *2-3 (D.N.J. Aug. 6, 2020). The Bureau must therefore be dismissed from this matter with prejudice. *Id.*

Turning next to Plaintiff's claims stemming from alleged discrimination, violations of the Americans with Disabilities Act, and denials of right to communication which occurred at FCI Allenwood, this Court finds that those claims are time barred. Federal civil rights claims, including ADA claims, brought in this Court are subject to a two-year statute of limitations which runs from the date on which the plaintiff knew or should have known of his injury. *See, e.g., Hall v. Miner*, 411 F. App'x 443, 445 (3d Cir. 2011); *Wooden v. Eisner*, 143 F. App'x 493, 494 (3d Cir. 2005). Here, both the alleged discrimination and denial of communication suffered at FCI Allenwood occurred between 2016 and Plaintiff's transfer out of Allenwood in February 2018. Plaintiff, in turn, was aware of his alleged injuries – that he had been insulted and denied email access – by the time his last grievance aimed at Allenwood staff was denied in May 2017. His claims against the Allenwood Defendants – Brown, Cramer, Carvajal, and Lane, as well as his claim against Defendant Conners related to his Allenwood appeals – had accrued at the latest when he was transferred in February 2018, and likely long before that date. As Plaintiff did not file his

4

complaint in this matter until more than three years later in March 2021, his claims appear to be well and truly time barred. This Court will therefore dismiss those claims without prejudice. Should Plaintiff wish to pursue those claims through the filing of an amended complaint, he should directly present any argument he may have as to the tolling of the limitations period in his amended complaint.

As to the remaining Fort Dix Defendants – Defendants Ortiz and Paul and Plaintiff's claims against Defendant Conners related to his Fort Dix Appeals – Plaintiff seeks to raise a civil rights claim related to his denial of his right to communicate with family in the form of email access and a class of one equal protection claim. Turning first to the First Amendment right to communication, while prisoners have no express right to use of email, prisoners do "maintain a First Amendment right to communicate with family and friends" and "e-mail can be a means of exercising this right." *Solan v. Zickefoose*, 530 F. App'x 109, 110 (3d Cir. 2013) (internal quotations omitted). That right, however, is not without limits – prison officials are free to deny a prisoner use of email where it is "reasonably related to legitimate penological interests." *Id.* In determining whether a prison's decision to deny email is so reasonably related, a court looks to whether there is a "valid, rational connection" between the prison determination and the legitimate interest put forth for it, whether the prisoner has an alternative means – such as use of phones, mail, or in person meetings – to exercise his right of communication, the burden a prison would face in accommodating a prisoner's requests, and whether there are alternative means of achieving the prison's penological interests which "fully accommodate" the inmate's right at de minimis cost. *Id.* at 111.

Here, the Fort Dix Defendants denied Plaintiff's request for email access because he made use of computers, computer software, and the internet to distribute large quantities of child pornography and to hide his illegal activities. Defendant Ortiz therefore denied access to email

5

because Plaintiff's access to the email system could prove harmful to the prison or public given Plaintiff's history of misusing computers. Clearly, Fort Dix has a valid penological interest in preventing the use of its email system and other means of electronic communication for purposes which could harm the public or the prison's security. The denial of email to Plaintiff is rationally related to that interest – Plaintiff's history apparently includes the misuse of the internet to both complete and hide his crimes. As Plaintiff retains alternative means to contact friends and family – the mail, phone calls, and in person meetings with those willing to visit, and as the prison's actions are rationally related to a legitimate penological interest, this Court finds that Plaintiff has failed to plead a viable claim for a denial of his right to maintain contact with friends and family under the First Amendment. *Solan*, 530 F. App'x at 110-11. Plaintiff's communication claims against the Fort Dix Defendants must therefore be dismissed without prejudice at this time.

Finally, Plaintiff seeks to proceed with a civil rights claim based on an alleged difference in treatment between himself and others with similar crimes, arising out of a class-of-one equal protection theory. Such a claim requires the plaintiff plead facts which show that "he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id.* at 111 (quoting *PG Publi'g Co. v. Aichele*, 705 F.3d 91, 114 (3d Cir. 2013)). Although Plaintiff suggests in his complaint that he is aware of several dozen other prisoners with "similar" or "worse" convictions who have email access, he does not plead any specific instances of an individual with child pornography charges who used either the dark web or computer software in attempts to hide his crimes who has access prison email. He has therefore not identified any specific individual who is truly similarly situated who has been treated differently, and he has pled no more than a conclusory allegation in support of his equal protection

claim. As Plaintiff has failed to plead facts showing specific similarly situated individuals[2] who have been treated differently, he has failed to set forth a valid equal protection claim, and his equal protection claims are therefore dismissed without prejudice at this time. *Id.*

As all of Plaintiff's claims shall be dismissed without prejudice, Plaintiff's complaint shall be dismissed in its entirety. Likewise, because Plaintiff's claim was never permitted to proceed to service and will in any event be dismissed, no Defendant has actually defaulted in this matter, and his motion for a default judgment (ECF No. 5) must be denied.

## IV.  CONCLUSION

For the reasons expressed above, Plaintiff's claims against the Bureau of Prisons are **DISMISSED WITH PREJUDICE**, Plaintiff's remaining claims are **DISMISSED WITHOUT PREJUDICE**, and Plaintiff's motion seeking default judgment (ECF No. 5) is **DENIED**. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge

---

[2] Although Plaintiff need not identify specific individuals by name in his complaint, he must at the very least plead facts suggesting that there are individuals with similar convictions with similar histories of improper computer use to hide or obscure their crimes who have email access if he wishes to plead a plausible claim for relief.